## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHANNON FERENCZ, Administratrix** | ) | |
| **of the ESTATE OF CADE STEVENS**, | ) | Civil Action No. 2:11-cv-1130 |
| | ) | |
| | ) | **TYPE OF PLEADING**: |
| | ) | |
| Plaintiff, | ) | **PETITION FOR LEAVE TO** |
| | ) | **AMEND THE COMPLAINT.** |
| | ) | |
| | ) | *Section 1983 Civil Rights Action* |
| | ) | |
| | ) | |
| | ) | |
| | ) | **FILED ON BEHALF OF**: |
| VS. | ) | Shannon Ferencz, Administratrix of |
| | ) | the Estate of Cade Stevens. |
| **LARRY MEDLOCK, WARDEN OF THE** | ) | |
| **FAYETTE COUNTY PRISON**, in both his | ) | |
| Official and Individual Capacities, **BRIAN** | ) | |
| **MILLER, DEPUTY WARDEN OF THE** | ) | |
| **FAYETTE COUNTY PRISON**, in both his Official | ) | |
| and Individual Capacities; **GEARY O'NEIL,** | ) | **COUNSEL OF RECORD:** |
| **BARRY SIMON, JOHN DOE #1, JOHN DOE #2,** | ) | |
| **JOHN DOE #3 and JOHN DOE #4** in their | ) | Noah Geary, Esquire |
| Official and Individual | ) | 225 Washington Trust Building |
| Capacities, **LOUIS KRAKOWSKI**, in his Official | ) | Washington, PA 15301 |
| and Individual Capacities, **FAYETTE COUNTY**, | ) | PA ID 78382 |
| Pennsylvania, **PRIMECARE MEDICAL, INC.,** | ) | |
| | ) | |
| | ) | September 24, 2013 |
| Defendants. | ) | |

**JURY TRIAL DEMANDED.**

**AND NOW COMES** the Plaintiff, by and through her attorney, Noah Geary, and files this Petition for Leave to Amend her Complaint, and in support, avers as follows:

1.     This case involves allegations of deliberate indifference to the serious medical needs of the Plaintiff's 25 year old son, Cade Stevens, who hung himself with a bed sheet in his cell while in the Defendants custody in the Fayette County Prison.

2.     In discovery, the Plaintiff learned that there was a substantial delay in the administration of CPR to her son after he was cut down and his body laid in front of his cell.

3.     Specifically, there was a 5 minute delay in the Defendants' administering CPR to Stevens.

4.     Four correctional officers are viewed on video surveillance footage standing around, doing nothing, while Stevens, still alive, laid on the prison floor.

5.     Significantly, Stevens's neck was not broken in the hanging.

6.     After conducting legal research, Plaintiff's counsel discovered that the delay in administering CPR to Stevens can constitute deliberate indifference to a serious medical need.

7.     Plaintiff's counsel learned after consultation with experts that the immediate administration of CPR to Stevens could have saved his life.

8.     In light of this video footage obtained in discovery, the Plaintiff hereby seeks leave of Court to add to her Complaint an allegation that (i) Defendant Correctional Officers Barry Simon and Geary O'Neil failed to promptly and timely administer CPR to Cade Stevens; and (ii) that their failure to do so was the product of a failure to provide CPR training/adequate CPR training by the Warden of the Prison/Fayette County and Prime Care Medical, Inc..

9.      This allegation of deliberate indifference regarding the failure to promptly administer CPR was brought to the attention of defense counsel back in February, 2013 at a Status Conference.

10.     Furthermore, the Defendants were questioned about the administration of CPR to Stevens and about their CPR training in depositions taken in January, February, April, and May of 2013.

11.     In fact, the Defendants have anticipated this request because they have had their experts opine that the Defendants were not deliberately indifferent in their handling of the administration of CPR. (*Report of expert Joel Winer, M.D.; Report of Thomas White, PhD.*)

12.     Thus, the issue has been explored in the discovery process, addressed by the defense experts, and the Defendants are prepared to defend this allegation at trial.

13.     The Defendants will accordingly experience no unfair prejudice by the granting of this request for Leave to Amend[1].

14.     The legal theory in this case is deliberate indifference to Cade's serious medical needs.

15.     Here, the Plaintiff is merely seeking to add to the Complaint one additional allegation of fact which, if true, would constitute deliberate indifference.

16.     The Plaintiff is not changing her theory of the case.

17.     The Plaintiff is not seeking to add a new cause of action.

18.     Per case law, Leave to Amend would prejudice the Defendants only if (i) it required them to expend significant additional resources to conduct discovery and prepare for

---

[1] In August, Plaintiff's counsel received an Expert Report from an Expert as to the Fayette County Defendants. This Expert opined in his report that the jail cell in which Stevens was housed was inherently dangerous to the risk of a suicide attempt. Because, unlike the CPR allegation which has already been litigated in discovery, this allegation is brand new, Plaintiff's counsel is not seeking leave to Amend to add this allegation because it's a little late in the game to do so,  to do so would require the re-opening of discovery, and might prejudice the Defendants.

trial; and/or (ii) significantly delay the resolution of the case. <u>Long vs. Wilson</u>, 393 F.3d 390 (3rd

Cir. Pa. 2004).

20.     Neither circumstance will occur here if Leave is granted.

21.     Leave to amend should be freely granted in the interests of justice. <u>Gay vs.

Petstock</u>, 917 F.2d 768 (3rd Cir. Pa. 1990).

22.     The Plaintiff attaches as Exhibit "A" hereto a copy of the proposed Amended

Complaint and for ease of reference, Plaintiff has simply added 2 paragraphs to the existing

Complaint,  paragraphs 90a. and 90b.. to paragraph 90. to add this additional allegation of fact.

**WHEREFORE,** Shannon Ferencz respectfully requests this Honorable Court to grant

Leave to Amend the Complaint to add this one additional allegation of fact[2].

Respectfully submitted,

/s/ Noah Geary_____
Noah Geary, Esquire
Attorney for the Plaintiffs
Suite 225
Washington Trust Building
Washington, PA 15301
(724) 222-3788

September 24, 2013

---

[2] Plaintiff's counsel will file a Motion in the next few days seeking to withdraw/dismiss the John Doe Defendants from the case caption.

**CERTIFICATE OF SERVICE:**

I, Noah Geary, Esquire, hereby certify that a true and correct copy of the foregoing

**PETITION FOR LEAVE TO AMEND** was served via electronic filing this 24th day of

September, 2013 on the below-listed counsel of record:

Marie Milie Jones, Esquire
JonesPassodelis, PLLC
Gulf Tower, Suite 3510
707 Grant Street
Pittsburgh, PA 15219
mjones@jonespassodelis.com
Counsel for Fayette County,
Larry Medlock and Brian Miller

Suzanne B. Merrick, Esquire
Thomas P. McGinnis, Esquire
Thomas, Thomas & Hafer, LLP
One Oxford Centre
301 Grant Street, Suite 1150
Pittsburgh, PA 15219
smerrick@tthlaw.com
Counsel for Geary O'Neil
and Barry Simon

John Ninosky, Esquire
Law Offices of Johnson Duffie
301 Market Street
P.O. Box 109
Lemoyne, PA 17043-0109
jrn@jdsw.com
Counsel for PrimeCare Medical, Inc.

/s/ Noah Geary, Esquire