# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANNON FERENCZ, Administratrix of the ESTATE OF CADE STEVENS, and SHANNON FERENCZ, individually, | ) ) ) ) ) | Civil Action No. 11 - 1130 |
| Plaintiff, | ) ) ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| v. | ) ) | ECF Nos. 72 |
| LARRY MEDLOCK, *et al*., | | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 72) be denied.

### II.  REPORT

#### A.  Procedural History

Plaintiff, Shannon Ferencz, is the Administratrix of the Estate of Cade Stevens ("Stevens"), deceased. She filed a complaint on September 7, 2011 that asserted violations of Stevens' Fifth, Eighth, and Fourteenth Amendment rights and state law claims of Wrongful Death and Survival. (ECF No. 1.) Plaintiff filed an Amended Complaint on November 24, 2011 and a Second Amended Complaint on February 29, 2012. (ECF Nos. 13 and 38.) Pursuant to Federal Rule of Civil Procedure 16(b), the Court issued a Case Management Order on October 25, 2012. (ECF No. 54.) The Case Management Order set December 21, 2012 as the deadline for amendments to the pleadings. (ECF No. 54.)  On September 26, 2013, Plaintiff filed a Motion

for Leave to Amend the Complaint and attached a proposed Third Amended Complaint. (ECF Nos. 72 & 72-1.)

### B. Standard of Review

"The grant or denial of leave to amend is a matter committed to the sound discretion of the district court." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

### C. Factual Background

This matter concerns the suicide of Plaintiff's son, Stevens, which occurred while he was a pre-trial detainee at the Fayette County Prison on September 12, 2009. On October 25, 2012, the Court entered a Case Management Order. The Case Management Order established December 21, 2012 as the deadline for amendments to the pleadings and February 25, 2013 as the deadline for fact and liability expert discovery. The Court subsequently extended discovery deadlines several times. Most recently, on May 22, 2013, the Court ordered that discovery deadlines would be extended until June 28, 2013. On July 25, 2013, the Court ordered that Plaintiff's expert reports were due August 12, 2013, Defendants' expert reports were due September 3, 2013, and Motions for Summary Judgment were due September 30, 2013. The December 21, 2012 deadline for amendments to the pleadings has not changed.

Plaintiff moves the Court for leave to add to her complaint an allegation that "Defendant Correctional Officers Barry Simon and Geary O'Neil failed to promptly and timely administer CPR to Cade Stevens and [] that their failure to do so was the product of a failure to provide CPR training/adequate CPR training by the Warden of the Prison/Fayette County and Prime Care Medical, Inc." (ECF No. 72 at ¶ 8.)

Plaintiff argues that there was a substantial delay in the administration of CPR to Stevens and that the immediate administration of CPR to Stevens could have saved his life. (ECF No. 72

at ¶¶ 2-7.) Plaintiff's counsel discovered the alleged delay after viewing the video footage obtained in discovery. (ECF No. 72 at ¶ 8.) Plaintiff moves to amend because Plaintiff's counsel has "conduct[ed] legal research" and "discovered that the delay in administering CPR to Stevens can constitute deliberate indifference to a serious medical need." (ECF No. 72 at ¶ 6.) Plaintiff asserts that in February 2013 she made Defense counsel aware of the allegation of deliberate indifference to promptly administer CPR. (ECF No. 72 at ¶ 9.) Plaintiff argues that granting leave to amend the complaint would not prejudice the Defendants and that "[l]eave to amend should be freely granted in the interests of justice." (ECF No. 72 at ¶¶ 18-21.)

Defendants argue, *inter alia*, Plaintiff has no good cause for waiting nine months after the deadline to amend pleadings expired to file a Motion for Leave to Amend the Complaint. Defendants also argue amendment of the complaint would unfairly prejudice Defendants because discovery would have to be reopened to defend against Plaintiff's new allegation. (ECF No. 88 at 2-3; ECF No. 89 at 3; ECF No. 91 at 4-9.)

### D. Discussion

Under Rule 15(a)(2) of the Federal Rules of Civil procedure, the Court should freely give leave to amend pleadings "when justice so requires." However, Rule 16(b)(4) requires that the moving party demonstrate "good cause" prior to modifying the scheduling order. Fed. R. Civ. P. 16(b)(4). The United States Court of Appeals for the Third Circuit has not explicitly addressed whether the "good cause" standard of Federal Rule of Civil Procedure 16(b)(4) or the more liberal "when justice so requires" standard applies in this situation. *See Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). District Courts within this circuit have determined the Rule 16 "good cause" analysis must be satisfied before determining whether an amendment should be permitted under Rule 15. *See Graham v. Progressive Direct Ins. Co.*,

271 F.R.D. 112, 118 (W.D. Pa. 2010); *see also Price v. Trans. Union, LLC*, 737 F.Supp.2d 276, 279 (E.D. Pa. 2010). This Court finds those decisions persuasive and applies the Rule 16 "good cause" analysis. The Plaintiff, as the moving party, has the burden to demonstrate "good cause." *Graham*, 271 F.R.D. at 119.

"Good cause" focuses on the diligence of the party seeking the modification of the scheduling order. *See* Fed. R. Civ. P. 16, Advisory Committee Note (1983) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.") Thus, if the Plaintiff was not diligent, then there is no "good cause" to amend the Case Management Order.

Plaintiff asserts that she became aware of the delay in administering CPR after watching video footage obtained in discovery. (ECF No. 72 at ¶ 8.) Defendants Simon, O'Neil, and Prime Care Medical assert that copies of the surveillance video were mailed to Plaintiff's counsel in April 2012. (ECF No. 88 at 5; ECF No. 91 at 2.) Plaintiff argues that after her counsel conducted legal research, her counsel discovered the delay in administering CPR constitutes deliberate indifference to a serious medical need. (ECF No. 72 at ¶ 6.) Plaintiff does not argue that she only recently obtained a copy of the surveillance video or that the legal research is based on a recent court decision.

Plaintiff concedes she knew as early as February 2013 that she intended to make an allegation that the delay in administering CPR constituted deliberate indifference to a serious medical need. (ECF No. 72 at ¶ 9.) Yet, Plaintiff provides no explanation for why she waited seven months to move to amend the complaint. Plaintiff fails to provide the Court with an explanation for why the schedule could not be met despite the Plaintiff's diligence. Thus, the

Plaintiff has not demonstrated "good cause" for the Court to amend its scheduling order and permit the Plaintiff to amend the complaint.

The Court also examines the motion under the more liberal Rule 15 analysis and concludes that the Plaintiff's motion should be denied. Rule 15(a)(2) of the Federal Rules of Civil Procedure states "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Circuit Court of Appeals for the Third Circuit has held "motions to amend pleadings should be liberally granted." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). The touchstone for the denial of an amendment is prejudice to the non-moving party. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993).

Fact and liability expert discovery concluded on June 28, 2013. Defendants' expert reports were due by September 3, 2013. The Plaintiff argues that the Defendants will not be prejudiced by an amendment to the complaint because the issue of the administration of CPR has been addressed by defense experts and explored in the discovery process. (ECF No. 72 at ¶ 12.) The Defendants dispute that the issue has been explored and argue that they will be prejudiced. (ECF No. 88 at 9; ECF No. 91 at 9.) PrimeCare Medical argues that it would have to defend new theories of liability and incur additional expenses. (ECF No. 88 at 9.) Simon and O'Neil argue that they would have to depose all witnesses who responded to Stevens' cell and find additional experts. (ECF No. 91 at 9.) The Court finds that the significant cost of returning to fact and expert discovery would place an unfair burden on Defendants.

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 72) be denied.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto.  Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response.  A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated:  November 5, 2013

/s/ Lisa Pupo Lenihan_____
Chief United States Magistrate Judge


cc: All Counsel of Record
*Via ECF Electronic Mail*